# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ACUPUNCTURE AND WELLNESS
CENTER, P.S.,

        Plaintiff,

    v.

BRAD WHISNANT, and PINPOINT
ACUPUNCTURE CLINIC, P.S.,

        Defendants.

Case No. C17-0269RSL

ORDER GRANTING
IN PART DEFENDANTS'
MOTION TO DISMISS

    This matter comes before the Court on "Defendants' 12(b)(6) Motion to Dismiss Certain Claims." Dkt. # 9. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. <u>In re Fitness Holdings Int'l, Inc.</u>, 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. <u>Shroyer v. New Cingular Wireless Servs., Inc.</u>, 622 F.3d 1035, 1041 (9th Cir. 2010).

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 1

Having reviewed the complaint and the parties' memoranda, the Court finds as follows:

## BACKGROUND

Plaintiff Acupuncture and Wellness Center is a full-service clinic that specializes in traditional Chinese medicine. Dkt. # 1 ¶ 7. Plaintiff also offers online seminars to educate other practitioners about this field of medicine. Id. ¶¶ 8, 11. Plaintiff alleges that sometime around October 10, 2011, defendant Brad Whisnant viewed plaintiff's online seminar titled "Treatment of Pain and Acupuncture and Chinese Herbs: How to Make It All Go Away! Part I (Upper Body)." Id. ¶ 14. Plaintiff asserts that defendant Whisnant also signed a non-disclosure agreement. Id. ¶ 15.

Around March 11, 2016, defendant Whisnant published the book "Fast Neck and Back Pain Relief with Acupuncture: How to Use the Balance Method and Master Tung Acupuncture for Instant Neck and Upper Back Pain Relief." Id. ¶ 16. Plaintiff asserts that portions of this book were lifted from plaintiff's seminar in violation of federal copyright law. On January 25, 2017, plaintiff filed an application with the United States Copyright Office to register its 2011 seminar as a prerequisite to filing suit. Dkt. # 1, Ex. B. On February 21, 2017, plaintiff filed the instant action alleging copyright infringement and breach of the non-disclosure agreement. Defendants[1] ask the Court to dismiss both claims.

---

[1] Defendant Brad Whisnant is the president of Pinpoint Acupuncture Clinic, the other named defendant in this case.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 2

**DISCUSSION**

**1. Copyright infringement**

Defendants argue that the copyright claim should be dismissed because plaintiff's acupuncture seminar describes an idea or process that is not subject to copyright protection. Dkt. # 9 at 6; see also 17 U.S.C. § 102(b). When a work is registered with the United States Copyright Office within five years of its initial publication, there is a presumption that the copyright is valid. 17 U.S.C. § 410(c). If the Copyright Office issues a Certificate of Registration after five years, then the evidentiary weight of the Certificate is left to the discretion of the Court. Id.

Plaintiff's online seminar was published on October 10, 2011, but it was not registered with the Copyright Office until January 25, 2017.[2] Although courts sometimes vary in the deference they afford the Copyright Office in these circumstances (see, e.g., Inhale, Inc. v. Starbuzz Tobacco, Inc., 755 F.3d 1038, 1041-42 (9th Cir. 2014)), for purposes of a motion to dismiss, the existence of a registered copyright raises a plausible inference that the material is copyrightable. The copyright infringement claim may therefore proceed.[3]

---

[2] While the Court generally does not consider materials beyond the pleadings in the context of a Rule 12(b)(6) motion, the Court may consider certain documents that form the basis of the plaintiff's claim. See Friedman v. AARP, Inc., 855 F.3d 1047, 1051 (9th Cir. 2017). In this case, the Court takes judicial notice pursuant to Fed. R. Ev. 201(b)(2) of the Certificate of Registration. See Dkt. # 13, Ex. B.

[3] Defendants request a more definitive statement regarding the alleged infringement under Fed. R. Civ. P. 12(e). Dkt. # 9 at 3. Granting a Rule 12(e) motion is appropriate when plaintiff fails to give notice to defendants of the substance of the claims against them. Hayton Farms Inc. v. Pro-Fac Corp., No. C10-520RSM, 2010 WL 5174349, at *4 (W.D. Wash. Dec. 14, 2010). Because

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 3

### 2. Attorney's fees, costs, and statutory damages

Defendants seek dismissal of plaintiff's request for attorney's fees, costs, and statutory damages. Dkt. # 9 at 4. With limited exceptions, these remedies are available only if the copyrighted work was registered before the infringement commenced. 17 U.S.C. § 412(2); see also Derek Andrew, Inc. v. Proof Apparel Corp., 528 F.3d 696, 699 (9th Cir. 2008). In this case, defendants' alleged infringing activity occurred more than ten months before plaintiff registered its 2011 seminar with the Copyright Office. Dkt. # 1 ¶¶ 13, 16. Because the seminar was not registered until after the infringement and none of the exceptions apply, the statutory fee remedies are not available to plaintiff as a matter of law.

### 3. Non-disclosure agreement

In addition to copyright infringement, plaintiff also alleges that the publication of defendant Whisnant's book violates the terms of a non-disclosure agreement he signed on June 18, 2016. Dkt. # 1 ¶¶ 26-27, Ex. A.[4] The book at issue was published around March 11, 2016. Dkt. # 1 ¶ 16. As a matter of law and logic, defendants cannot breach an agreement that was not signed until after the alleged breach occurred. Plaintiff's claim for breach of the non-disclosure agreement is DISMISSED.

---

the complaint provides adequate notice to defendants and more details will emerge through discovery, the request for a more definitive statement is DENIED.

[4] The date is handwritten and difficult to read. It is possible that the non-disclosure agreement was instead signed on June 10, 2016, or October 6, 2016. The fact is immaterial, however, because the book was published before any of these dates.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 4

## CONCLUSION

For all of the foregoing reasons, defendants' motion (Dkt. # 9) is GRANTED in part. Plaintiff's copyright infringement claim may proceed, but plaintiff is not entitled to statutory damages, costs, and attorney's fees. Plaintiff's claim for breach of the non-disclosure agreement is DISMISSED.

Dated this 8th day of January, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge